**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOCATION BASED SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SONY ELECTRONICS INC., <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Location Based Services, LLC ("Plaintiff") accuses Sony Electronics Inc. ("Defendant") of infringing U.S. Patent No. 8,311,733, (the "'733 Patent"), alleging as follows:

**PARTIES**

1. Plaintiff Location Based Services, LLC is a Texas limited liability company, with a registered agent located at 719 Sawdust Rd., #204, The Woodlands, Texas 77380.

2. Upon information and belief, Defendant Sony Electronics Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 16530 Via Esprillo, San Diego, California 92127. Defendant may be served via its registered agent for service of process, the Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

3. This is an action for infringement of the '733 Patent arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284-85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. § 1400(b). Upon information and belief, Defendant has a regular and established place of business and has committed acts of patent infringement in this district.

5. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

## U.S. PATENT NO. 8,311,733

6. On November 13, 2012, United States Patent No. 8,311,733 was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Interactive Key Frame Image Mapping System and Method." A true and correct copy of the '733 Patent is attached hereto as Exhibit A.

7. Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord, *et al*., are the inventors of the '733 Patent.

8. Plaintiff is the owner by assignment of the '733 Patent with all rights in and to that patent.

9. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

10. The '733 Patent, filed on February 15, 2005, is directed to an unconventional and innovative practice of combining a data store for organizing multiple images according to map locations with a table associating meta data for the images with a time line, image history, and a

location. *See* Ex. A. In fact, it was not until August of 2008 that Nikon released one of the first cameras with built in GPS that had even the hardware necessary to add location meta data to pictures, *i.e.*, the Coolpix P6000 camera. Thus the invention claimed in the '733 Patent—which calls for the combination of location, time and image data—is clearly directed to unconventional activity.

11. Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and or/systems (*i.e.*, PlayMemories Home for PC and Mac and PlayMemories Studio for PS3, (the "Accused Instrumentalities") that infringe one or more claims of the ''733 Patent. When placed into operation, the Accused Instrumentalities infringe claim 1 of the '733 Patent. Additionally, Defendant induces the infringement of claim 1 of the '733 Patent by its customers using the Accused Instrumentalities.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,311,733

12. Upon information and belief, Defendant has been and is now infringing claim 1 of the '733 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale the Accused Instrumentalities to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '733 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '733 Patent pursuant to 35 U.S.C. § 271(a).

13. For example, the use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 1 of the '733 Patent. When used, the Accused Instrumentalities comprise a computer system including a processor, a memory coupled to the processor (*e.g.*, the Accused Instrumentalities are computer programs operating on a Windows

PC, Mac, or PlayStation 3, which include processors and memory); and a mapping module coupled to the memory (*e.g.*, the Accused Instrumentalities correlate video information with map data in the form of GPS information), the mapping module including a data store which organizes multiple images according to one or more locations on a map (*e.g.*, video frames are organized based on the correlated map data), and a table coupled to the data store which associates metadata for the multiple images with a time line, an image history, and a location (*e.g.*, the meta data from multiple video frames is associated with a time line, image history, and a location), the association to enable an instantiation of time-related images from the multiple images at one or more locations on the map in response to an instantiation of a curser positioned at different locations along an instantiation of the time line (*e.g.*, when a user clicks on a location on the time line, the corresponding video frame along with map data is displayed). *See* Ex. A-1 and A-2.

14. As a result of Defendant's direct infringement of the '733 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

15. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '733 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,311,733

16. Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claim 1 of the '733 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentalities to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '733 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '733 Patent pursuant to 35 U.S.C. § 271(b).

17. As shown above, Defendant has and continues to indirectly infringe the '733 Patent by inducing the infringement by its end-users and resellers of claim 1 of the '733 Patent in accordance with 35 U.S.C. 271(b).

18. As shown above, Defendant, its resellers, distributors, and end-users of the Accused Instrumentalities have engaged in and currently engage in activities that constitute direct infringement of claim 1 of the '733 Patent.

19. As shown above, the operation and use of the by Defendant, its resellers, or end-user customers of the Accused Instrumentalities constitutes a direct infringement of claims

20. Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities have induced and continues to induce Defendant's resellers and end users to use the Accused Instrumentalities in their normal and customary way to infringe claim 1 of the '733 Patent.

21.     Through its making, selling, and/or offering for sale the Accused Instrumentalities, Defendant specifically intends that its resellers and end-users directly infringe claim 1 of the '733 Patent. Defendant has had knowledge of the '733 Patent since at least the filing of this complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least the filing of this complaint that such actions would induce actual infringement. Furthermore, Defendant remains aware that these normal and customary activities would infringe the '733 Patent.

22.     For example, in connection with the sale and/or offering for sale of the Accused Instrumentalities, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Instrumentalities. Specifically, Defendant provides support, see, *e.g.*, http://support.d-imaging.sony.co.jp/www/disoft/int/playmemories-home/en/qa/index.html?id=en_dl_pmh_win. When end-users follow such instructions and support, they directly infringe the '733 Patent. Defendant knows or should have known that by providing such instructions and support, resellers and end-use customers follow these instructions and support and directly infringe the '733 Patent.

23.     Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '733 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendant has infringed the '733 Patent;

2.	A judgment in favor of Plaintiff that Defendant has induced its resellers and end-users to induce the '733 Patent;

3.	A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '733 Patent, or such other equitable relief the Court determines is warranted;

4.	A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '733 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

5.	Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 19, 2018

OF COUNSEL

Hao Ni (TX #24047205)
Timothy T. Wang (TX #24067927)
Neal G. Massand (TX #24039038)
Stevenson Moore V (TX #24076573)
Krystal L. McCool (TX #24082185)
NI WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Suite 500
Dallas, Texas 75231
(972) 331-4600
hni@nilawfirm.com
twang@nilawfirm.com
nmassand@nilawfirm.com
smoore@nilawfirm.com
kmccool@nilawfirm.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Sara E. Bussiere (#5725)
Elizabeth A. Powers (#5522)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com
epowers@bayardlaw.com

*Attorneys for Plaintiff*
*Location Based Services, LLC*